IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SARAH JEAN PATTERSON,                    3:14-cv-00501-BR

      Plaintiff,                      OPINION AND ORDER

v.

YAMHILL COUNTY, JAMES VANARSDEL,
and JOHN DOE,

      Defendants.


**LEONARD RANDOLPH BERMAN**
4711 S.W. Huber Street, Suite E-3
Portland, OR 97219
(503) 516-3715

           Attorney for Plaintiff

**ELLEN F. ROSENBLUM**
Attorney General
**SETH T. KARPINSKI**
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR 97310
(503) 947-4700

           Attorneys for Defendant James VanArsdel

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant James VanArsdel's Motion (#29) to Dismiss Second Amended Complaint.[1] On July 2, 2015, the Court heard oral argument on Defendant's Motion and provided the parties with an opportunity to file supplemental briefing.  After the parties submitted their supplemental memoranda, the Court took this matter under advisement on July 27, 2015.

For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **with prejudice**.

## BACKGROUND

### I. Procedural Background

Plaintiff Sarah Jean Patterson brings this action against Defendant James VanArsdel in his personal capacity as a Yamhill County Circuit Court Release Assistance Officer pursuant to 28 U.S.C. § 1983 and alleges Defendant violated Plaintiff's right to be free from wrongful arrest and incarceration as guaranteed by the Fourth Amendment to the United States Constitution when Defendant presented an arrest warrant to the Honorable Carroll J. Tichenor of the Yamhill County Circuit Court notwithstanding the

---

[1] On June 16, 2014, Plaintiff filed a Voluntary Dismissal (#10) of all claims against Defendant Yamhill County, and Plaintiff dropped Defendant John Doe in her Second Amended Complaint (#28) filed March 16, 2015.

2 - OPINION AND ORDER

fact that another judge, the Honorable Ronald W. Stone, had earlier denied Defendant's motion to revoke Plaintiff's pretrial release.

On July 28, 2014, Defendant moved to dismiss Plaintiff's Amended Complaint (#9) on the grounds that Defendant was entitled to absolute quasi-judicial and prosecutorial immunity or, in the alternative, that Plaintiff failed to state a claim. At oral argument on October 8, 2014, the Court granted Defendant's Motion on the basis that Plaintiff had failed to state a claim. The Court dismissed Plaintiff's (First) Amended Complaint without prejudice and with leave to amend after limited discovery concerning how, when, and with what mental state Defendant presented the arrest warrant to Judge Tichenor.

On March 16, 2015, Plaintiff filed his Second Amended Complaint. On April 2, 2015, Defendant filed this Motion to Dismiss.

**II. Factual Background**

The following facts are taken from Plaintiff's Second Amended Complaint (#28) and are accepted as true at this stage of the proceedings:

On January 30, 2012, Plaintiff was arrested on charges of theft and possession of a controlled substance. Plaintiff entered into a pretrial-release agreement that required her to comply with all laws while on pretrial release.

3 - OPINION AND ORDER

Defendant was employed as the Yamhill County Circuit Court Release Assistance Officer.  As part of his duties, Defendant was responsible for the preparation and presentation to the court of motions to revoke pretrial release for criminal defendants who violated the terms of their releases.  In the event that the court granted a motion for revocation of pretrial release, Defendant would obtain from the court a warrant for the violator's arrest.  Defendant's standard practice for filing a motion for a warrant was to either place the motion, affidavit, and unsigned warrant in the appropriate judge's courthouse mailbox; to deliver the motion, affidavit, and unsigned warrant personally to the appropriate judge's chambers; or, on occasion, to present the motion in open court.

On March 17, 2012, while Plaintiff remained on pretrial release in connection with her January 30, 2012, arrest, she was arrested on domestic-violence charges and posted bail.  Plaintiff was arraigned on the domestic-violence charge on March 20, 2012.  At Plaintiff's arraignment Defendant presented to Judge Stone (the criminal-calendar duty judge that day) a motion for revocation of Plaintiff's pretrial release for violation of the pretrial-release agreement based on the January 30, 2012, theft and controlled-substance charges.

Judge Stone denied the motion to revoke Plaintiff's pretrial release.  Plaintiff alleges Defendant was visibly upset after

Judge Stone denied the motion.

"On or about March 20, 2012," Defendant presented to Judge Tichenor a warrant to arrest Plaintiff.  Defendant presented the arrest warrant to Judge Tichenor without an attached motion, affidavit, or order.  Plaintiff, however, does not allege any facts that describe how Defendant presented the warrant to Judge Tichenor, whether Defendant intentionally or accidentally presented the motion to Judge Tichenor, or when Defendant presented the arrest warrant to Judge Tichenor relative to the hearing before Judge Stone.  Plaintiff, however, alleges Defendant's wife worked as a judicial assistant to Judge Tichenor at that time, and Defendant maintained a friendship with Judge Tichenor.  In any event, Judge Tichenor signed the warrant.

On March 30, 2012, McMinnville police arrested and incarcerated Plaintiff pursuant to the warrant signed by Judge Tichenor.  Plaintiff was released on April 1, 2012, after Defendant confirmed the warrant was defective and that Plaintiff should not have been arrested.

## DISCUSSION

Defendant moves to dismiss Plaintiff's Second Amended Complaint on the ground that Defendant is entitled to absolute immunity for his actions in connection with obtaining the warrant to arrest Plaintiff.  In the alternative, Defendant moves to

5 - OPINION AND ORDER

dismiss Plaintiff's Second Amended Complaint on the ground that Plaintiff's factual allegations fail to state a judicial-deception claim under § 1983.

**I.   Absolute Immunity**

The Supreme Court has consistently accorded absolute immunity "to judges and prosecutors functioning in their official capacity" to ensure that judicial officers are "free to act upon [their] own convictions, without apprehension of personal consequences."  *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)("Recognizing these considerations, courts have extended the protections of absolute immunity to qualifying state officials sued under 42 U.S.C. § 1983.").  Absolute immunity may also be extended to state officials who are not traditionally regarded as judges or prosecutors if the functions they perform are similar to those performed by judges or prosecutors.  *Olsen*, 363 F.3d at 923.  *See also Mishler v. Clift*, 191 F.3d 998, 1002 (9th Cir. 1999).

> Under certain circumstances, absolute immunity is also extended to agency representatives performing functions analogous to those of a prosecutor or a judge.  Such immunity assures the independent functioning of executive officials acting in a quasi-judicial capacity, thereby ensuring that they can exercise their adjudicative discretion without fear of intimidation or harassment.

*Olsen*, 363 F.3d at 923 (citation omitted).  Ultimately "[i]mmunity determinations . . . rest on 'the nature of the function performed, not the identity of the actor who performed

6 - OPINION AND ORDER

it.'"  *Cruz v. Kauai Cnty.*, 279 F.3d 1064, 1067 (9th Cir. 2002)(quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)).  *See also KRL v. Moore*, 384 F.3d 1105, 1113 (9th Cir. 2004).

Defendant contends he is entitled to absolute immunity because he filled either a quasi-prosecutorial or a quasi-judicial role when he presented the arrest warrant to Judge Tichenor.  Relying on *Mullis v. United States Bankruptcy Court for District of Nevada*, Defendant argues he is entitled to absolute immunity as a court clerk who performed a quasi-judicial task that was an "integral part of the judicial process."  828 F.2d 1385, 1390 (1987).  Defendant also relies on *Cruz* to support his alternative position that he served a traditional prosecutorial function by submitting the arrest warrant to Judge Tichenor and, accordingly, is entitled to absolute prosecutorial immunity.

Plaintiff, on the other hand, contends Defendant is not entitled to any form of immunity because Defendant's "alleged conduct was done in the clear absence of all jurisdiction."

### A.   Absolute Immunity for Quasi-Judicial Actions

As noted, absolute immunity attaches only to tasks that "are 'functionally comparable' to tasks performed by judges"; *i.e.*, quasi-judicial actions taken in the "'official's adjudicatory role.'"  *Swift v. State of California*, 384 F.3d 1184, 1189 (9th Cir. 2004).  *See also Mullis*, 828 F.2d at 1390 (noting court

7 - OPINION AND ORDER

clerks have absolute immunity "when they perform tasks that are an integral part of the judicial process."). In *Swift* the Ninth Circuit held the parole officer who recommended the parole board initiate parole-revocation proceedings did not qualify for absolute immunity because it was the board rather than the parole officer that played the "quasi-judicial role." *Id.* at 1192.

In this case even though Defendant was employed by the court, his function was not part of the process of adjudicating the revocation of Plaintiff's pretrial release nor did he serve any adjudicatory role when he submitted the arrest warrant to Judge Tichenor. Accordingly, on this record the Court concludes Defendant is not entitled to absolute immunity on the basis of performing quasi-judicial tasks.

    **B.    Absolute Prosecutorial Immunity**

Officials serving a prosecutorial function are entitled to absolute immunity for acts the official performs while "serving as an advocate in judicial proceedings." *Kalina*, 522 U.S. at 125. *See also Cruz*, 279 F.3d at 1067. "When a prosecutor steps outside of the advocate's role, however, his or her conduct is protected by immunity only to the extent that any other individual would be protected in performing the same function." *Cruz*, 279 F.3d at 1067. Accordingly, prosecutors are not entitled to absolute immunity for performing investigative functions or when personally serving the function of a witness by

attesting to facts.  *See Kalina*, 522 U.S. at 507-10.  *See also Torres v. Goddard*, 793 F.3d 1046, 1053 (9th Cir. 2015).  Ultimately "the absolute immunity that protects the prosecutor's role as an advocate is not grounded in any special 'esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself.'"  *Kalina*, 522 U.S. at 127.  *See also Slater v. Clarke*, 700 F.3d 1200, 1203 (9th Cir. 2012).

When considering the scope of absolute prosecutorial immunity, the Ninth Circuit has held a prosecutor "is entitled to absolute immunity for his decision to *file*" a motion to revoke bail "because the decision to file a bail revocation motion is a traditional prosecutorial function."  *Cruz*, 279 F.3d at 1067 n.3 (emphasis in original).  The Ninth Circuit, however, found the prosecutor in *Cruz* lost the protection of prosecutorial immunity "because he stepped outside of his prosecutorial role, and into the role of witness, when he personally attested to the truth of facts in the affidavit."  *Id.*

As noted, even though Defendant in this case was employed by the court, he filled a prosecutorial role when he presented the arrest warrant to Judge Tichenor.  The action by Defendant that Plaintiff alleges violated her constitutional rights, however, was Defendant's presentation of the warrant to Judge Tichenor for

9 - OPINION AND ORDER

Plaintiff's arrest rather than any particular testimonial representation made by Defendant to Judge Tichenor. Plaintiff alleges Defendant took this action as part of his duty to seek in appropriate circumstances the arrest of criminal defendants who violate the terms of their pretrial release. Accordingly, there is not any meaningful distinction between the actions of Defendant in this case and a prosecutor who filed a motion to revoke bail. *See Cruz*, 279 F.3d at 1067. The fact that Judge Stone denied Defendant's motion to revoke Plaintiff's pretrial release and the fact that Defendant then improperly presented the arrest warrant to Judge Tichenor without an attached motion and affidavit are only pertinent to whether Defendant properly fulfilled his prosecutorial function, but those facts do not change the nature of the function that Defendant performed. Ultimately "[i]mmunity determinations . . . rest on the 'nature of the function performed.'" *Id.* at 1067.

Pursuant to the Ninth Circuit's holding in *Cruz*, therefore, Defendant is absolutely immune from suit for the prosecutorial act of presenting the arrest warrant to Judge Tichenor. *Id.* at 1067 n.3. Accordingly, on this record the Court concludes Defendant is entitled to absolute prosecutorial immunity, and, therefore, the Court dismisses Plaintiff's Second Amended Complaint.

Because the Court concludes Defendant is entitled to

10- OPINION AND ORDER

absolute prosecutorial immunity, the Court need not determine whether Plaintiff's allegations in her Second Amended Complaint are sufficient to state a claim for judicial deception.

## II.  Leave to Amend Complaint

Federal Rule of Civil Procedure 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment.  Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires."  This policy is to be applied with "extreme liberality."  *Moss v. United States Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

The Supreme Court has recognized several factors that a district court should consider when determining whether justice requires the court to grant leave to amend.  Those factors include

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment.

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The factor that carries the greatest weight is whether the amendment will prejudice the opposing party.  *Id.*  "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of

11- OPINION AND ORDER

granting leave to amend." *Id.*  "Delay alone is insufficient to justify denial of leave to amend; the party opposing amendment must also show that the amendment sought is futile, in bad faith or will cause undue prejudice to the opposing party." *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir.1997)(citing *United States v. Webb,* 655 F.2d 977*,* 980 (9th Cir. 1981)).  *See also Quantum Tech. Partners II, L.P. v. Altman Browning and Co.*, No. 08-CV-376-BR, 2009 WL 1795574, at *19 (D. Or. June 23, 2009) (same). The party who opposes amendment bears the burden to show prejudice*.  Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

Here the Court concludes granting Plaintiff further leave to amend her Complaint would be futile.  At the October 8, 2014, hearing on Defendant's Motion (#16) to Dismiss Plaintiff's (First) Amended Complaint, the Court permitted Plaintiff to engage in discovery for the purpose of developing facts sufficient to state a claim and provided Plaintiff with an opportunity to amend her Amended Complaint.

After engaging in discovery and amending her pleadings, however, Plaintiff's allegations remain insufficient to establish that Defendant is not entitled to prosecutorial immunity, and the record does not indicate there is any possibility that Plaintiff could discover additional facts that would remedy the deficiencies in Plaintiff's Second Amended Complaint.

12- OPINION AND ORDER

Accordingly, on this record the Court dismisses Plaintiff's Second Amended Complaint with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#29) to Dismiss Plaintiff's Second Amended Complaint and **DISMISSES with prejudice** Plaintiff's Second Amended Complaint.

IT IS SO ORDERED.

DATED this 29th day of September, 2015.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

13- OPINION AND ORDER