IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SARAH JEAN PATTERSON,

    Plaintiff,

v.

JAMES VAN ARSDEL,

    Defendant.

No. 3:14-CV-00501-HZ

OPINION & ORDER

Leonard R. Berman
9220 SW Barbur Boulevard
Suite 119, Box 180
Portland, OR 97219

    Attorney for Plaintiff

Ellen F. Rosenblum
Attorney General
Seth T. Karpinski
Senior Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Pursuant to 42 U.S.C. § 1983, Plaintiff Sarah Jean Patterson alleges that Defendant James VanArsdel violated the Fourth Amendment by improperly procuring a warrant for her unlawful arrest. Defendant moves for summary judgment, arguing (1) Plaintiff cannot produce admissible evidence demonstrating that Defendant provided Judge Tichenor with a warrant for Plaintiff's arrest, and (2) Defendant has absolute judicial or quasi-judicial immunity. Viewing the evidence and drawing all inferences in the light most favorable to Plaintiff, a genuine issue of material fact remains to be tried. Therefore, the Court denies Defendant's motion.

BACKGROUND

During all relevant times, the Yamhill County Circuit Court employed Defendant as a Pretrial Release Assistance Officer to investigate criminal defendants suspected of pretrial release agreement violations. Def.'s Mot., ¶¶ 1-2, ECF 54. If Defendant concluded that a criminal defendant violated their pretrial release agreement, then Defendant recommended revocation of pretrial release to the criminal-calendar duty judge. Second Am. Compl., ¶ 14, ECF 28. To recommend revocation, Defendant either placed a revocation form and unsigned arrest warrant in the judge's mailbox, provided it to the judge's judicial assistant, or presented it to the judge in open court. *Id.*

Plaintiff was arrested January 30, 2012 on theft and possession of a controlled substance charges. *Id.* at ¶ 8. She was released from custody after signing a pretrial release agreement requiring her to comply with all laws. Def.'s Mot., ¶ 4. While still subject to this pretrial release agreement, Plaintiff was then arrested March 17, 2012 on domestic violence charges. Second Am. Compl., ¶ 9. She was released after posting bail. *Id.* at ¶ 10.

2 – OPINION & ORDER

On March 20, 2012, Plaintiff was arraigned on the domestic violence charges. Def.'s Mot., ¶ 9. At the arraignment, Defendant argued that Plaintiff violated her pretrial release agreement, and Defendant moved in open court for revocation of Plaintiff's pretrial release. Second Am. Compl., ¶ 15. Judge Ronald W. Stone, the criminal-calendar duty judge, orally denied Defendant's motion. *Id.* at ¶ 19. According to Plaintiff, Defendant was visibly displeased by the ruling. *Id.*

Plaintiff now alleges that later on March 20, Defendant provided Judge Carroll J. Tichenor with an unsigned warrant for Plaintiff's arrest, without disclosing that Judge Stone had orally denied the motion earlier in the day. *Id.* at ¶ 21. Only judges on criminal-calendar duty were responsible for handling revocation matters, and Judge Tichenor was not on criminal-calendar duty. *Id.* at ¶ 17. Nevertheless, Judge Tichenor signed the arrest warrant. *Id.* at ¶ 22. Defendant denies providing Judge Tichenor with the warrant or taking any further actions concerning the warrant after it was denied by Judge Stone. James VanArsdel Decl., ¶ 6, ECF 56. Defendant further denies any knowledge of how the warrant came to be issued. *Id.* at ¶ 8.

On March 30, Plaintiff was arrested pursuant to the warrant signed by Judge Tichenor. *Id.* at ¶ 34. Two days later, Plaintiff was released when Defendant confirmed to a deputy that the arrest warrant was defective. *Id.* at ¶ 36.

Defendant is unaware of any other person who presented release agreement revocations to judges at the Yamhill County Circuit Court. Pl.'s Resp., Ex. 1, 7:6, 7:12, ECF 58. Both the warrant signed by Judge Tichenor and the warrant denied by Judge Stone included the initials of Christine VanArsdel. VanArsdel Decl., ¶ 2, ECF 57. Ms. VanArsdel is Defendant's wife and was, at the time, Judge Tichenor's judicial assistant. *Id.* ¶¶ 1, 5. Defendant and Judge Tichenor

also played golf together on Saturdays and attended bible study sessions together on Tuesdays. Second Am. Compl., ¶ 24.

Plaintiff filed her Second Amended Complaint on March 16, 2015. ECF 28. On September 29, 2015, District Judge Anna J. Brown granted Defendant absolute prosecutorial immunity and dismissed the Second Amended Complaint. *Patterson v. Yamhill Cty.*, No. 3:14-cv-00501-BR, 2015 WL 5737782, at *4 (D. Or. Sept. 29, 2015). The Ninth Circuit reversed. *Patterson v. Van Arsdel*, 883 F.3d 826, 828 (9th Cir. 2018).

## STANDARDS

Summary judgment is appropriate if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "An issue of material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the [nonmoving] party." *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) (quoting *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet this initial burden, a moving party without the burden of proof at trial need only point to the absence of evidence supporting the nonmoving party's claim. *Id.* at 325.

Once that initial burden is satisfied, the burden then shifts to the nonmoving party to demonstrate that there remains a genuine issue of material fact to be tried. *Id.* at 323. A nonmoving party with the burden of proof at trial must move beyond mere allegations and set forth affidavits, declarations, motions, or other evidentiary materials from the record to establish the essential elements of its claim. *Id.* at 324. The contents of these evidentiary materials must be admissible, even if the form is not. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

All reasonable doubts as to the existence of a genuine issue of material fact must be resolved in the nonmoving party's favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "[I]f conflicting inferences may be drawn from the facts . . . the case must go to the jury." *Reed*, 863 F.3d at 1204 (quoting *LaLonde v. Cty of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000).

DISCUSSION

Defendant raises two arguments in support of his motion for summary judgment. First, Defendant argues Plaintiff cannot produce admissible evidence demonstrating that a genuine issue of material fact remains to be tried. Alternatively, Defendant argues he is entitled to absolute judicial or quasi-judicial immunity. The Court disagrees with both contentions.

A. *Genuine Issue of Material Fact*

At issue is whether Plaintiff sets forth evidence sufficient to demonstrate a genuine issue of material fact as to whether Defendant provided Judge Tichenor with the warrant for Plaintiff's arrest. Viewing the evidence and drawing all inferences in the light most favorable to Plaintiff, a reasonable jury could infer from the circumstantial evidence that Defendant provided the warrant to Judge Tichenor. "Summary judgment is improper where divergent ultimate inferences may reasonably be drawn from the undisputed facts." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

In support of this motion, Defendant argues that Plaintiff lacks admissible evidence to support her claims. Defendant relies on his own testimony denying he provided Judge Tichenor with the arrest warrant and denying knowledge of how the warrant came to be issued.

While Plaintiff does not identify any direct evidence to support her allegation that Defendant provided Judge Tichenor with the arrest warrant, there is circumstantial evidence in

the record that supports such an inference. Defendant's own deposition testimony affirms Defendant's personal relationships with both Judge Tichenor and Judge Tichenor's judicial assistant, Christine VanArsdel. Christine confirms that her initials appear on both the warrant signed by Judge Tichenor and the warrant denied by Judge Stone. More importantly, Defendant testifies he was the only person at the Yamhill County Circuit Court involved in procuring arrest warrants based on release violations. Because Defendant was the only person who procured these arrest warrants, a jury could infer that Defendant procured Plaintiff's arrest warrant. Thus, Plaintiff demonstrates that there remains a genuine issue of material fact suitable for trial.

Plaintiff also relies on a declaration from J. Mark Lawrence, one of Plaintiff's state criminal defense attorneys. Defendant objects to the Lawrence Declaration as inadmissible character evidence and speculation in violation of Federal Rules of Evidence 404, 602, and 701. Lawrence was not present at Plaintiff's March 20, 2012 arraignment and has no personal observations concerning the issuance of the warrant. Defendant's evidentiary objections are therefore sustained. These sustained objections, however, do not impact today's summary judgment decision. As discussed above, there is admissible, circumstantial evidence in the record sufficient to support the inference that Defendant provided Judge Tichenor with the arrest warrant at issue.

The Court therefore denies summary judgment on these grounds.

B. *Absolute Judicial or Quasi-Judicial Immunity*

In the alternative, Defendant argues he is entitled to absolute judicial or quasi-judicial immunity. Defendant previously raised this issue before Judge Anna J. Brown. *Patterson v. Yamhill Cty.*, No. 3:14-cv-00501-BR, 2015 WL 5737782, at *1 (D. Or. Sept. 29, 2015). Judge

Brown declined to extend absolute judicial or quasi-judicial immunity to Defendant. *Id.* at *4. This Court will not revisit Judge Brown's prior decision.

## CONCLUSION

Defendant's motion for summary judgment [54] is denied.

IT IS SO ORDERED.

Dated this 17 day of April 2019.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge